UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BLANCA MARTINEZ, ALEJANDRO FUENTES,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **COUNTY OF MADERA, CORRECTIONAL MANAGED CARE MEDICAL CORPORATION,** *et al.*, <br><br> Defendants. | **1:04-CV-05919 OWW SMS** <br><br> **ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS WITH LEAVE TO AMEND.** |

Before the court for decision is Defendant County of Madera's motion to dismiss the first amended complaint. *See* Doc. 24, filed July 27, 2005. Defendant Correctional Managed Care Medical Corporation ("CMCMC") filed an answer to the first amended complaint. *See* Doc. 25, filed Aug. 1, 2005. Plaintiffs late-filed a statement of non-opposition to the motion to dismiss Friday, September 30, 2005. Doc. 28.

### I. BACKGROUND

This case concerns the death of Moises Fuentes. For reasons that are not explained in the record, Mr. Fuentes was in the custody of the California state prison system prior to June 2003.

1

On or about June 22, 2003, Mr Fuentes was transferred to the custody of the Madera County Department of Corrections ("MCDC") based upon an outstanding warrant issued for his failure to appear in the Madera County Superior Court on criminal charges. Doc. 23, first amended complaint, at ¶1-2.

Soon after his transfer into MCDC custody, Mr. Fuentes began to complain that he was in "great pain, had trouble swallowing and eating, and that he was coughing up blood." *Id*. at ¶4. He sought medical treatment and was diagnosed as having a throat infection. *Id*. Mr. Fuentes' medical condition worsened over the next few months, but his requests for medical attention were largely ignored. *Id*. at ¶5. He was taken to Madera Community Hospital on September 25, 2003. Allegedly, this was the first time Mr. Fuentes had seen a physician since entering MCDC custody. *Id*.

On September 10, 2003, while Mr. Fuentes awaited trial in Madera County Superior Court, his public defender filed a motion to dismiss the criminal charges. *Id*. at ¶3. The complaint alleges that Mr. Fuentes continued to press his motion to dismiss as "the only avenue he could pursue to get released so that he could obtain vital health services." The District Attorney's Office for the County of Madera filed a written opposition to the dismissal on October 14, 2003.

At some point in early to mid October, defendant CMCMC informed the District Attorney's office that Mr. Fuentes had been diagnosed with throat cancer and was going through diagnostic tests in preparation for "triple modality treatment."

On October 17, 2003, the District Attorney's office had the charges against Mr. Fuentes dismissed. Shortly thereafter, Mr. Fuentes was turned over to the Immigration and Naturalization Service and was deported to Guatemala. He died there, a few weeks following his deportation.

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiffs, who are all relatives of Mr. Fuentes, name as defendants the County, CMCMC, and various unnamed defendants. *See* Doc. 23, filed July 18, 2005.

The Complaint first alleges, pursuant to 42 U.S.C. § 1983, that defendants violated decedent's Eighth and Fourteenth Amendment rights. With respect to the § 1983 claim Plaintiffs allege:

(a) That the County had a duty to provide medical assistance to persons incarcerated by the MCDC and that the County had a "special custodial and patient-doctor relationship with Moises Fuentes that triggers the constitutional duty on the part of the County of Madera to provide specific medical and protective services to Mr. Fuentes."

(b) That the County acted with deliberate indifference toward Mr. Fuentes.

(c) That both the County and CMCMC knew Mr. Fuentes had a dangerous medical condition but failed and refused to adequately treat him.

//
//

**3**

1      (d)   That the County deliberately released Mr. Fuentes from
2            custody for the sole purpose of avoiding their duty to
3            provide medical treatment to him.
4      The second cause of action is a wrongful death claim under
5 state law.  Plaintiffs allege that, as a result of Defendants'
6 conduct, plaintiffs have suffered "a tremendous loss, including
7 the loss of companionship, comfort, advise, affection, solace,
8 and society of their son.
9      Plaintiffs seek "general" and "special" damages against both
10 defendants on both causes of action.

### III.   **STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  However, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted.  The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th

**4**

Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.  DISCUSSION

The County moves to dismiss on two independent grounds: (1) that Plaintiffs have failed to adequately allege standing to sue under either § 1983 or California law; and (2) Plaintiffs have failed to state valid claims under either § 1983 or the California Tort Claims Act.

**A.   Standing**

**1.   Standing to bring section 1983 claim.**

Plaintiffs' § 1983 claim is based upon alleged violations of Mr. Fuentes' Eighth and Fourteenth Amendment rights. The rights protected by the Eighth and Fourteenth Amendments are personal rights. *See Whitmore v. Arkansas*, 495 U.S. 149, 160 (1990)(only the person subject to the penalty has standing to assert an Eighth Amendment objection under the Cruel and Unusual Punishment Clause); *Shelley v. Kraemer*, 334 U.S. 1, 22 (1948)(The rights created by the due process clause of the Fourteenth Amendment are "by its terms, guaranteed to the individual. The rights established are personal rights."). The general rule is that "only the person whose [personal] rights were violated can sue to vindicate those rights." *Moreland v. Las Vegas Metro. Police Dept.,* 159 F.3d 365, 370 (9th Cir. 1998); *see also Alderman v.*

5

*United States*, 394 U.S. 165, 174 (1969)("Fourth Amendment rights are personal rights which... may not be vicariously asserted.").

In § 1983 actions, survivors of a deceased individual whose rights were violated before death[1] may assert these personal claims on the decedent's behalf, but only if the relevant state's law authorizes such persons to bring a <u>survival</u> action in state court. *See* 42 U.S.C. § 1988(a); *Smith v. City of Fontana*, 818 F.2d 1411, 1416-17 (9th Cir. 1987). It the plaintiff's burden to establish that applicable state law permits a survival action. *Moreland,* 159 F.3d at 369.

California law does permit "survival actions," which are intended to compensate the decedent for personal injuries suffered while he or she was alive. This compensation may pass to the decedent's estate. *See* Cal. Code Civ. Pro. § 377.20. (California law also permits wrongful death actions, which are meant to compensate the decedent's heirs for damages they suffer as a result of the death. § 377.60. Only survival actions, not wrongful death claims, are compensable under § 1983.)

A survival action may be prosecuted by an executor or administrator of the decedent's estate. § 377.30. If no such person has been appointed, the action may be pursued by the person or persons who succeed, by will or intestacy, to the particular interest of the estate. §§ 377.10, 377.11, 377.30, 377.31. A person who wishes to commence a survival action is

---

[1] Survival actions do not cover legal injuries which occur simultaneous to or as a result of the death itself. *See Smith, 818 F.2d at 1417 n.7* (citing *Pease v. Beech Aircraft*, 38 Cal. App. 3d 450, 459-60 (1974)).

**6**

required to file an affidavit setting forth particular information about the decedent, the claims, and the prosecuting person's relationship to the decedent. § 377.32.

Here, Blanca Martinez (the decedent's mother) and Alejandro Fuentes (the decedent's father) claim to be administrators of Moises Fuentes' estate, but have failed to file the required affidavit or to properly allege standing to bring a survival action. Plaintiffs have not alleged standing to bring this suit under 42 U.S.C. § 1983. The County's motion to dismiss this claim is **GRANTED WITH LEAVE TO AMEND**.

### 2.  Standing to bring a state-law wrongful death action.

California Code of Civil Procedure § 377.60 sets forth those persons who have standing to sue in a wrongful death action:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
>
> (a)  The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
>
> (b)  Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents....

Cal. Code Civ. Pro. § 377.60. If decedent has no surviving spouse or domestic partner, and no other dependents, standing to sue is governed by the law of intestate succession. The California Probate Code provides that, absent a surviving spouse,

**7**

property passes to children. Absent children, property passes to the decedent's parents equally. If a decedent has no surviving spouse, but does have surviving children, the property will go to the children. *See* Cal. Prob. Code § 6402. In such a case, parents and siblings may not maintain a wrongful death action. *See Mayo v. White*, 178 Cal. App. 3d 1083, 1090-91 (1983).

Here, two of the named plaintiffs are apparently Mr. Fuentes' children, Moises I. Fuentes, Jr. and Ana P. Fuentes. Accordingly, only these two individuals have standing to bring a wrongful death claim. The County's motion to dismiss the wrongful death claim is **GRANTED AS TO ALL PLAINTIFFS EXCEPT MOISES I. FUENTES AND ANA P. FUENTES WITH LEAVE TO AMEND.**

**B.   Failure to State a Claim.**

**1.   Failure to properly allege a *Monell* claim.**

Local government entities, such as the County of Madera may be sued for monetary, declaratory, or injunctive relief, but only if the allegedly unconstitutional actions took place pursuant to some "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers...." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Alternatively, if no <u>formal</u> policy exists, plaintiffs may point to "customs and usages" of the local government entity. *Id*. A local government entity cannot be held liable simply because it <u>employs</u> someone who has acted unlawfully.

> A local government may not be sued...for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible....

*Id.* at 694.

The existence of a "policy or custom" can be shown through proof of a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity." *Ulrich v. City and County of San Francisco,* 308 F.3d 968, 984-85 (9th Cir. 2002). Alternatively, Plaintiffs may show either (1) that "the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision," or (2) by showing that "an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." *Id*.

Here, Plaintiffs have failed to allege that the County's action of dismissing the claims against Mr. Fuentes was based on any existing policy or custom of the County, rather than on the merits of the criminal case. The County's motion to dismiss the section 1983 claims against it is **GRANTED WITH LEAVE TO AMEND**.

### 2. Failure to comply with the California Tort Claims Act.

The California Tort Claims Act requires as a prerequisite to any damages claim against a public entity that the claim be presented to the entity as a demand for "money or damages." *See City of San Jose v. Superior Court*, 12 Cal. 3d 447, 454 (1974)(failure to comply with this requirement is fatal to a claim). It is Plaintiffs' burden to allege facts demonstrating compliance with the claim presentation requirement. *State v. Superior Court (Bodde)*, 32 Cal. 4th, 1234, 1241 (2004).

Plaintiffs have failed to allege compliance with the presentation requirement.  The County's motion to dismiss the wrongful death claim is **GRANTED WITH LEAVE TO AMEND.**

## V.   CONCLUSION

For the reasons set forth above, the County's motion to dismiss is **GRANTED WITH LEAVE TO AMEND.**  Any amended complaint shall be filed within thirty (30) days following electronic service of this decision.

Dated: October 8, 2005

**/s/ OLIVER W. WANGER**
_____
**OLIVER W. WANGER**
**United States District Judge**