**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BLANCA MARTINEZ, ALEJANDRO FUENTES,** *et al.*,<br><br>         **Plaintiffs,**<br><br>     v.<br><br>**COUNTY OF MADERA, CORRECTIONAL MANAGED CARE MEDICAL CORPORATION,** *et al.*,<br><br>         **Defendants.** | **1:04-CV-05919 OWW SMS**<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS (Doc. 34)** |

Before the court for decision is Defendant County of Madera's motion to dismiss the second cause of action in Plaintiff's second amended complaint. (Doc. 34-2, filed Nov. 21, 2005.) Defendant Correctional Managed Care Medical Corporation ("CMCMC") filed an answer to the second amended complaint. (Doc. 35, filed Dec. 9, 2005.) Plaintiffs failed to file any opposition or statement of non-opposition to the motion to dismiss. Defendants filed a "notice of non-opposition" indicating Plaintiffs' failure to respond and pointing out that Plaintiffs would therefore not be permitted to present oral argument at the hearing on this matter. (Doc. 36, filed Jan. 24, 2005.)

1

## I.  BACKGROUND

This case concerns the death of Moises Fuentes.  Mr. Fuentes was in the custody of the California state prison system prior to June 2003.  On or about June 22, 2003, Mr Fuentes was transferred to the custody of the Madera County Department of Corrections ("MCDC") based upon an outstanding warrant issued for his failure to appear in the Madera County Superior Court on criminal charges.  (Doc. 32, second amended complaint, at ¶1-2.)

Soon after his transfer into MCDC custody, Mr. Fuentes began to complain that he was in "great pain, had trouble swallowing and eating, and that he was coughing up blood." (*Id*. at ¶4.)  He sought medical treatment and was diagnosed as having a throat infection. (*Id*.)  Mr. Fuentes' medical condition worsened over the next few months, but his requests for medical attention were largely ignored. (*Id*. at ¶5.)  He was taken to Madera Community Hospital on September 25, 2003.  Allegedly, this was the first time Mr. Fuentes had seen a physician since entering MCDC custody. (*Id*.)

On September 10, 2003, while Mr. Fuentes awaited trial in Madera County Superior Court, his public defender filed a motion to dismiss the criminal charges. (*Id*. at ¶3.)  The complaint alleges that Mr. Fuentes continued to press his motion to dismiss as "the only avenue he could pursue to get released so that he could obtain vital health services."  The District Attorney's Office for the County of Madera filed a written opposition to the dismissal on October 14, 2003.  (*Id*. at ¶7.)

At some point in early to mid October, defendant CMCMC informed the District Attorney's office that Mr. Fuentes had been

diagnosed with throat cancer and was going through diagnostic tests in preparation for "triple modality treatment." (*Id*. at ¶9.)

On October 17, 2003, the District Attorney's office had the charges against Mr. Fuentes dismissed. According to the complaint, "this action coincided with the upcoming costly medical treatments Mr. Fuentes was to receive...." (*Id*. at ¶11.) Shortly thereafter, Mr. Fuentes was turned over to the Immigration and Naturalization Service and was deported to Guatemala. He died there, a few weeks following his deportation. (Id. at ¶12.)

On December 17, 2003, the County of Madera received a claim for damages filed on Mr. Fuentes' behalf, alleging that the "Madera County Jail failed to provide medical treatment," and that this failure caused "impact to [Mr. Fuentes'] medical condition...and eventual death." (Doc. 34-4, Ex. A to County's Request for Judicial Notice.)

In June 2003, several members of Mr. Fuentes' family filed this lawsuit, alleging violations of the Eighth and Fourteenth Amendments and wrongful death. (Doc. 1.) The parties stipulated to the amendment of the complaint. (Doc. 22.) Plaintiffs then filed a first amended complaint. (Doc. 23.) CMCC answered, but the County moved to dismiss. (Docs. 24 & 25.)

By order dated Oct. 11, 2005, the County's motion to dismiss was granted with leave to amend. Specifically, the court (1) pointed out defects in Plaintiffs' standing allegations, (2) held that Plaintiffs had failed to properly allege a Monell claim against the County, and (3) found that the Plaintiffs' had failed

**3**

to allege compliance with the California Tort Claims Act's prior notice requirement. (Doc. 31.)

On November 9, 2005, Plaintiffs filed a second amended complaint. (Doc. 32, second amended complaint ("SAC").) The county now moves to dismiss only the second cause of action (wrongful death), arguing that Plaintiff still has not properly alleged compliance with the prior notice requirement of California's Tort Claims Act.

The second cause of action is a wrongful death claim under state law. Plaintiffs allege that, as a result of Defendants' conduct, plaintiffs have suffered "a tremendous loss, including the loss of companionship, comfort, advise, affection, solace, and society of their son. (SAC ¶30.) Plaintiffs seek "general" and "special" damages against both defendants on both causes of action.

## II.  **STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." However, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted. The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v.*

*CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III.   DISCUSSION

The County moves to dismiss the second cause of action, a state law claim for wrongful death, on the ground that Plaintiffs have failed to comply with the prior notice requirement of the California Tort Claims Act.

The California Tort Claims Act requires as a prerequisite to any damages claim against a public entity that the claim be presented to the entity as a demand for "money or damages." Cal. Govt. Code §§ 905, 945.4, *Est. of Dacrulis v. Garate,* 401 F.3d 1060, 1062 (9th Cir. 2005); *See City of San Jose v. Superior Court*, 12 Cal. 3d 447, 454 (1974)(failure to comply with this requirement is fatal to a claim). It is Plaintiffs' burden to allege facts demonstrating compliance with the claim presentation requirement. *State v. Superior Court (Bodde)*, 32 Cal. 4th, 1234, 1241 (2004).

Here, Plaintiffs allege that

> On December 17, 2003, a Claim for Damages for failure

**5**

    to provide medical treatment and the subsequent death of Moises Fuentes was filed with the County of Madera. The claim was rejected by the County of Madera on January 2, 2004.

(SAC ¶15.)  Plaintiffs did not attach a copy of the damages claim to the complaint.  The County, however, attaches a copy to its request for judicial notice.[1]  (Doc. 34-4, Ex. A to County's Request for Judicial Notice.)

 The Claim, dated December 17, 2003, is in the name of Mr. Moises I. Fuentes.  It asserts that "Madera County Jail failed to provide medical treatment," and that this failure caused "impact to [Mr. Fuentes'] medical condition...and eventual death."  (*Id.*)

 The County asserts that this claim is insufficient to put it on notice of the wrongful death action eventually filed by Plaintiffs.  The County points out the distinction drawn in California between a "survival" action and a "wrongful death action."  A survival action is a personal injury action that survives to permit a decedent's estate to recover damages that would have been personally awarded to the decedent had he survived.  *See* Cal. Code Civ. Pro. §§ 377.20, 377.30. In contrast, a wrongful death action, is an independent claim for

---

[1] The county asserts that the document, dated December 17, 2003 and filed in the name of Mr. Moises I. Fuentes, is properly the subject of judicial notice because it a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The County's reliance on this language from Federal Rule of Evidence 201 is misplaced, as this is normally applied to other types of evidence, such as the direction of streets, the weather on a particular day, etc. This document is judicially noticeable, however, because it is a public record and its contents are not in dispute.

**6**

damages <u>personally suffered</u> by a decedent's heirs as a result of the decedent's death. § 377.60. A wrongful death claim is a remedy governed by statute. Frazier v. Velkura, 91 Cal. App. 4th 942, 945 (2001).

Here, the County suggests without admitting that the claim for damages on file with the County might have been sufficient to support a <u>survival</u> action brought on behalf of Mr. Fuentes. However, as the administrative claim makes no mention of Mr. Fuentes' heirs, let alone any damages suffered by them, the County argues that it is insufficient to satisfy the notice requirement for the pending wrongful death claim.

Although there appear to be no cases directly on point, the County points to four pertinent cases in support of its argument. First, in *Peterson v. City of Vallejo*, 259 Cal. App. 2d 757, 765-66 (1968), a decedent's daughter who failed to submit a claim for damages was not permited rely on the tort claim filed by the decedent's wife. Similarly, in *Lewis v. City and County of San Francisco*, 21 Cal. App. 3d 339, 341 (1971), wrongful death plaintiffs could not rely on an administrative claim for personal injuries filed by the decedent prior to his death. In *Roberts v. State of California*, 39 Cal. App. 3d 844, 847-48 (1974), a tort claim filed by a decedent's employer and worker's compensation insurer put the government on notice of a potential claim under the Labor Code but not on notice that the decedent's widow might file a wrongful death action. Finally, in *Shelton v. Superior Court*, 56 Cal. App. 3d 66, 81-83 (1976), a husband and wife were not permitted to assert loss of consortium causes of action where each had filed tort claims asserting only personal injuries.

These cases support the County's position that the claim for damages filed on December 17, 2003 in the name of Moises Fuentes is insufficient to put it on notice of the pending wrongful death action.

Plaintiffs have been afforded opportunity to amend the complaint to allege compliance with the California Tort Claims statute for the wrongful death claim.  They have not done so. The County's unopposed motion to dismiss the second cause of action is **GRANTED WITHOUT LEAVE TO AMEND.**

**SO ORDERED.**

**DATED:  January 30, 2006.**

/s/ OLIVER W. WANGER

_____
**OLIVER W. WANGER
United States District Judge**

8